*Frankie MARTIN, Sr.*
Petitioner
*vs.*
*Wilber ANTONE*
*Director of Department of Corrections*
Respondent
In the Supreme Court of the Navajo Nation

No. SC-CV-48-02

August 13, 2003

348

R. Linda Riley, Esq., Window Rock, Navajo Nation (Arizona), for Petitioner.

Vernon Roanhorse, Esq., Prosecutor for the Navajo Nation, Window Rock, Navajo Nation (Arizona), for Respondent.

Before YAZZIE, Chief Justice, and FERGUSON, Associate Justice.

Opinion delivered by YAZZIE, Chief Justice.

We previously released the Petitioner from imprisonment on a writ of *habeas corpus*, and provide this opinion to explain that the petitioner was detained illegally because his jail sentence was indefinite.

Under a plea agreement, Petitioner was initially sentenced to 365 days in jail and fined $90 restitution for the offense of Aggravated Battery. The jail sentence was suspended to probation with the condition that failure to pay the restitution would merit a bench warrant for immediate arrest. Petitioner was arrested approximately eight months later and charged with Interfering with Judicial Proceedings. He pled guilty to that charge. A bench warrant was also issued at that time for failure to pay the previous restitution order. Petitioner was sentenced to 80 hours of community service and required to post a $500 bond prior to release. Petitioner completed more than the requested hours of community service and all the conditions necessary, except that as an indigent defendant, he was unable to post the $500 bond while incarcerated. Petitioner requested a waiver of the bond since he had completed all the other requirements and could not make the money payment. His request was denied, along with the Office of the Prosecutor's request for a dismissal of the case. As a result, Petitioner had been held for 542 days without any hope of future release at the time he filed a writ of *habeas corpus* with this Court.

This Court has previously established that a criminal sentence not according to law is cruel and unusual punishment prohibited by the Navajo Nation Bill of Rights. *Navajo Nation v. Jones*, 1 Nav. R. 14, 18 (Nav. Sup. Ct. 1971), *Johnson v. Navajo Nation*, 5 Nav. R. 152, 153 (Nav. Sup. Ct. 1987), 1 N.N.C. § 9 (1986). For a sentence to be lawful within the Navajo Nation, it must comply with Title 17, Subchapter 2. 17 N.N.C. § 220(A) (2000). Subchapter 2 provides, in part, "A person who has been convicted may be sentenced for a definite term not greater than one year (365 days) per offense." 17 N.N.C. § 223 (2000). According to Subchapter 2, every jail

sentence imposed must be both definite and limited to one year or less jail time. Any sentence beyond that provision is unlawful and violates the Navajo Nation Bill of Rights.

Petitioner was sentenced to remain in jail until he posted a $500 bond. The jail sentence violates 17 N.N.C. § 223 (2000) in two ways. First, it does not have a definite term. A "definite" jail sentence must provide a specific number of days or months. Second, Petitioner's sentence violates the one-year limit on jail sentences because the Petitioner could be and was held for over a year.

We hold that to detain a convicted defendant indefinitely not only violates the sentencing provisions of Title 17 but is also prohibited by the Navajo Nation Bill of Rights as cruel and unusual punishment.

Based upon our opinion, Petitioner Frankie Martin, Sr., was released from imprisonment on a writ of *habeas corpus*.