OPINION

I
This case concerns a writ of habeas corpus in a juvenile delinquency proceeding concerning a detained minor. The Court previously released the juvenile from detention, and now issues this opinion to clarify the filing requirements of the Navajo Children’s Code.
II
Petitioner L.R. filed a petition for a writ of habeas corpus seeking his immediate release from the Western Navajo Juvenile Services Center in Tuba City, and the dismissal of three delinquency orders stemming from two separate incidents. On June 16, 2007, the juvenile was arrested and detained for the alleged offense of disorderly conduct, in violation of 17 N.N.C. § 483, and battery, in violation of 17 N.N.C. § 316. The juvenile was released on June 18, 2007. Both matters were referred to the Juvenile Presenting *576 Officer on June 26, 2007. The petitions for adjudication of a delinquent child were subsequently filed on July 27, 2007. A preliminary' hearing on both matters was scheduled by the District Court for August 10, 2007. In the early hours of August 10, 2007, at approximately 12:45 a.m., the juvenile was arrested and detained on a curfew violation. Later that same day, at the preliminary hearing concerning the June 16, 2007 charges, the Juvenile Presenting Officer motioned the Court to continue the hearing because of the unavailability of material witnesses. In addition, the Juvenile Presenting Officer orally motioned the District Court to further detain the juvenile for “safety concerns” because of his “alleged drug trafficking in which the supplier may take adverse action against the minor child.”[1] The juvenile was detained and the preliminary hearing was rescheduled to August 16, 2007.
On August 15, 2007, a petition for adjudication of a delinquent child was filed for the alleged curfew violation of August 10, 2007, pursuant to 17 N.N.C. § 531. A detention hearing was scheduled for August 16, 2007.[2] A motion to detain the child pending the completion of the matter was also filed by the Juvenile Presenting Officer on August 15, 2007.[3] That same day, the Family Court granted the motion and signed an order stating that the detainment of the child was “within the time period of 48 hours required before release of the minor child.”[4]
On August 16, 2007, the Tuba City District Court concurrently held the preliminary hearings regarding the disorderly conduct, TC-FC-419, and battery, TC-FC-420-07, and the detention hearing concerning the curfew violation, TC-FC^55-07. During the preliminary hearing, the juvenile pleaded “guilty”[5] to the charges of disorderly conduct and battery of June 16, 2007 in the presence of his parents. In addition, the Family Court Judge also accepted a plea of “guilty”[6] at the detention hearing for the curfew violation of August 10, 2007. The juvenile was adjudicated a delinquent on all charges and sentenced to *577 80 hours of community service for the disorderly conduct, TC-FC-419-07, 90 days in jail for battery, TC-FC-420-07, and fined $300 for the curfew violation, TC-FC-455-07, which was later suspended to 52 hours of community service work. The juvenile filed his petition on September 6, 2007.
The Court held a hearing on September 12, 2007. After hearing arguments, the Court released the juvenile. The Court also vacated the findings of delinquency for battery and disorderly conduct. The Chief Justice stated the Court would take under advisement whether to vacate the finding of delinquency on the curfew charge.
III
The issues in this case are 1) whether a juvenile is illegally detained when a petition is filed 31 days after a referral, where the Children’s Code requires dismissal with prejudice if it not filed within 30 days from the date of referral; 2) whether the Court should vacate a conviction arising from the untimely petition; 3) whether a juvenile is illegally detained when the child was taken into custody and not released, where the Children’s Code requires a petition to be filed within 48 hours of detention, and mandates release if the petition not filed within that time; and 4) whether the Court should vacate a conviction arising from the untimely petition.
IV
A
The first issue hinges on Section 1103(E) of the Navajo Children’s Code. That Section states a petition alleging delinquency “shall be dismissed with prejudice if it was not filed within 30 days from the date the petition is referred to the presenting officer.” (emphasis added). In the case before us, the juvenile was arrested and detained on June 16, 2007 on charges of alleged disorderly conduct and battery. Although the child was released on June 18, 2007, the matter was referred to the Juvenile Presenting Officer on June 26, 2007. The Juvenile Presenting Officer subsequently filed a petition for adjudication of a delinquent child on both offenses on July 27, 2007, which was thirty-one days after the referral. Pursuant to the plain language of Section 1103(E), the use of “shall” mandates dismissal of the delinquency action with prejudice. Thus, we hold the juvenile was illegally detained when a petition is filed 31 days after a referral where the Children’s Code requires dismissal with prejudice if it is not filed within 30 days from the date of referral.
B
Although this Court has previously held that the only relief it will grant upon a habeas corpus petition is release from illegal detention and that it will not grant dismissals of cases or the vacating of convictions, In re H.M., No. SC-CV-63-04, 5 Am. Tribal Law 454, 457, 2004 WL 5658523 at *3 (Nav.Sup.Ct.2004), this Court makes an exception in this case. Under the circumstances of this case, the Court will vacate a conviction where the statute clearly mandates a dismissal with prejudice if the petition alleging delinquency is untimely filed. This Court will not send the matter baek to the Family Court for dismissal. The burden will not be placed upon a child to petition the court for dismissal or incur additional legal costs where the statute mandates a specific remedy. Under the circumstances, the Court hereby vacates the findings of delinquency for disorderly conduct and battery pursuant to Section 1103(E).
*578 V
The second issue turns on the interpretation of Section 1113(A) of the Children’s Code. That Section states where a child has been taken into custody, “a petition shall be filed ... with the Court within 48 hours ... and if not filed within the stated time, the child shall be released.” (emphasis added.) Furthermore, “a detention hearing shall be held within 24 hours ... of the filing of a petition to determine whether continued detention is required.” 9 N.N.C. § 1113(A)(2) (2005) (emphasis added). We previously held release and dismissal are especially important in juvenile cases, as the explicit restrictions in the Children’s Code reflect that children are not fully emotionally mature and that children experience a “gamut of emotions” while in custody that can lead to violent acts on themselves and others. In re H.M., No. SC-CV-63-04, 5 Am. Tribal Law 454, 456-57, 2004 WL 5658523 at *2-3 (Nav.Sup.Ct.2004).
With regard to the alleged curfew violation, the juvenile was arrested and detained in the early hours of August 10, 2007. Although the juvenile during his detention appeared in a preliminary hearing later that same day concerning the prior charges of June 16, 2007, the petition alleging delinquency for the curfew violation, TC-FC-455-07, was not filed until August 15, 2007, five days after the juvenile was detained. Pursuant to Section 1113(A)(1), the filing of a petition within 48 hours or release the child was required. This requirement is not optional, but statutorily mandated by the Children’s Code. Thus, the Court holds the juvenile was illegally detained when the child was taken into custody and not released, where the Children’s Code required a petition to be filed within 48 hours, and mandated release if petition was not filed within that stated time.
Although a detention hearing was held on August 16, 2007,[7] within 24 hours of the filing of a petition, it was held six days after the child was actually taken into custody and not released; thus, the detention hearing was conducted during the child’s illegal detention. Section 1113(A)(2) is meant to be applied hand-in-hand with Section 1113(A)(1). Thus, by failing to meet the timeline of Section 1113(A)(1), the Juvenile Presenting Officer also failed to meet Section 1113(A)(2).[8] Thus, the Court holds a finding of delinquency should be vacated where an untimely filing of a petition results in the illegal detention of a juvenile. Again, the Court will not send this matter back to the Tuba City Family Court for dismissal. Instead, the Court hereby vacates the curfew conviction pursuant to Section 1113(A).
VI
Under these circumstances, the Court previously released the juvenile and vacated the findings of delinquency for disorderly conduct (TC-FC-419-07) and battery (TC-FC-420-07) pursuant to 9 N.N.C. Section 1103(E). Furthermore, the Court hereby VACATES the finding of *579 delinquency for the curfew violation (TC-FC-455-07) pursuant to 9 N.N.C. Section 1113(A)(1).

. Minute Entry & Order of August 15, 2007. Although the child was further detained on August 10, 2007, the motion for detention hearing was not filed until August 15, 2007.

. A Motion for Detention Hearing was filed on August 15, 2007 and an order scheduling the detention hearing for August 16, 2007 was entered that same day incorrectly finding that the hearing was "within the time period of 48 hours required before release of the minor child."

. The Motion for Detention Hearing, filed on August 15, 2007, requested the juvenile be further detained for safety reasons because the juvenile was involved in an illegal drug transaction and "that Aaron owed money to the Mexican Mafia." (emphasis added) Aaron is not the name of the Petitioner. The motion also admitted that the petition had not been filed within 48 hours as required by 9 N.N.C. § 1113(A)(1), but requested an exception to the time requirement.

. It appears that the Family Court judge signed a proposed order submitted by the Juvenile Presenting Officer without verifying the facts stated in the order. The Court cautions judges to verify factual statements in proposed orders before approving them.

. Although juvenile proceedings are not criminal, In re A. W., 6 Nav. R. 38, 41 (Nav.Sup. Ct.1989), the Tuba City District Court issued: 1) Judgment and Mittimus, TC-FC-419-07, stating the juvenile "plead guilty" for the offense of disorderly conduct and; 2) Judgment and Mittimus, TC-FC-420-07, stating the juvenile “plead guilty” to Disorderly Conduct in violation of 17 N.N.C. § 483. The Children’s Code merely permits the Court to determine if the allegations of the petition are "admitted or denied” pursuant to 9 N.N.C. § 1115.

. Tuba City District Court issued Judgment and Mittimus, TC-FC-455-07, stating the juvenile “plead guilty” for the offense of curfew in violation of 17 N.N.C. § 531.

. There was some discrepancy in the record as to the August 16, 2007 hearing concerning TC-FC-455-07. The District Court issued an Order for Detention Hearing for August i 6th, yet its subsequent Order of Adjudication and Dispositional Order, entered on August 21, 2007, stated a preliminary hearing was held instead.

. Even if the Detention Hearing was timely scheduled, the District Court overlooked its statutory purpose. The purpose of a detention hearing is to determine whether continued detention is required. However, the Family Court used the detention hearing to accept the juvenile’s plea of "guilty,” adjudicated the child as a delinquent, and sentenced the juvenile accordingly.