OPINION

The Petitioner requested a writ of habe-as corpus in a juvenile delinquency proceeding wherein he (a minor) was detained for violation of a probation agreement. The Court released the Petitioner from detention, and now issues this opinion to give its reasons.
I
Petitioner sought immediate release from his detention in the Central Navajo Youth Corrections Center in Chinle. The Chinle Family Court (Family Court) previously adjudicated the minor a delinquent child (CH-DL-525-07) for the offense of disorderly conduct in violation of 17 N.N.C. § 483 and sentenced him to 180 days in detention, which was suspended to six months probation with conditions.[1]
On October 31, 2007 school officials documented six behavioral referrals[2] and reported each incident to the Chinle Probation and Parole Services alleging Petitioner had violated his probation agreement. On November 2, 2007 the minor was taken into custody and a petition for *617 revocation of probation (CH-DL-1041-07) and a motion for continued custody were subsequently filed. At the detention hearing of November 7, 2007,[3] the Family Court found the Navajo Nation did not present sufficient evidence to justify continued detention under 9 N.N.C. § 1110 of the Navajo Children’s Code. The Minor was temporarily released to his mother with conditions[4] and an adjudicatory hearing was scheduled on January 11, 2008.
At the adjudicatory hearing, the Family Court found that the Petitioner had failed to maintain a “C” or better, dropped out of school due to excessive absences, and failed to maintain contact with probation services. Order of Adjudication, CH-DL-1041-07, January 14, 2008, Petitioner’s Exhibit M. Upon these findings of violation, the Family Court revoked his probation and reinstated its original disposition of six months detention. The Family Court also found that there was no person to provide adequate care and supervision and that the minor would not abide by orders of the Court. As such, the Family Court ordered the minor “be held in detainment ... until further order of the [cjourt.” Id. The Family Court further ordered a review hearing to be held within 90 days and that Petitioner’s parent “initiate and complete enrollment process ... for the minor to enter Haa yool Kaal Treatment Center.” Id. Accordingly, the minor was taken into custody on January 11, 2008, He filed a petition for a writ of habeas corpus on January 22, 2008. The Court held a hearing at Chinle District Court on January 25, 2008.[5] After hearing arguments of the parties, the Court immediately released Petitioner, and indicated an opinion setting out the reasons would follow.
II
The issue in this case is whether a minor is illegally detained when a Family Court revokes probation and reinstates an original sentence of 180 days in detention for a statutory offense that does not authorize incarceration when committed by an adult.
III
A
The Navajo Nation Children’s Code provides for probation revocation against a delinquent child where “[i]f a finding of probation violation is made, the Court may extend the period of probation or make any other judgment or disposition that would have been appropriate in the original disposition of the case.” 9 N.N.C. § 1161 (2005) (emphasis added). The question is whether incarceration is an appropriate disposition for the original disorderly conduct offense. Delinquency ac *618 tions under the Children’s Code are the functional equivalent of adult criminal actions under Title 17 of the Navajo Nation Code. Indeed, family courts look to Title 17 to define the elements of an offense a minor commits to be adjudicated delinquent. Adult offenders are punished according to the sentencing provisions in Title 17. Many of the sentencing provisions for specific offenses do not authorize jail time. However, once a minor is adjudicated a delinquent, the Children’s Code gives a family court judge several different options. A family court judge can fine a minor in an amount “not to exceed the fine which would be imposed if the child were an adult.” 9 N.N.C. § 1152(A). Further, Section 1152 authorizes any disposition “that is authorized for the disposition of a dependent.” 9 N.N.C. § 1152(A)(1). Importantly for this case, a judge may “transfer legal custody to an agency responsible for care and rehabilitation of delinquent children.” 9 N.N.C. § 1152(A)(2). Finally, a judge may place a child on probation. The specific issue in this case is whether Section 1152(A)(2) of the Children’s Code authorizes a family court judge to order jail for a minor when a district court judge would be unable to order jail for an adult committing the same offense.
The Court holds that the Family Court cannot incarcerate a juvenile if Title 17 does not authorize incarceration of an adult committing the same offense. Though incarceration of a delinquent minor is mentioned as one option, the Court interprets Section 1152(A)(2) consistent with Diné bi beenahaz’áanii. See Navajo Nation v. Kelly, 6 Am. Tribal Law 772, 2006 WL 6168966 (Nav.Sup.Ct.2006) (interpreting Navajo Bill of Rights consistent with Fundamental Law); Thompson v. Greyeyes, 5 Am. Tribal Law 400, 2004 WL 5658108 (Nav.Sup.Ct.2004) (same for Domestic Abuse Protection Act). Under Dine bi beenahaz’áanii, children must be treated with the greatest of respect. They are fragile and the utmost care must be taken because of their continued growth. Further, incarcerated children are not fully emotionally mature and experience a “gamut of emotions” while in custody that can lead to violent acts on themselves and others. In re H.M. v. Greyeyes, 5 Am. Tribal Law 454, 2004 WL 5658523 (Nav. Sup.Ct.2004). Consequently, incarceration is a severe remedy for a child, and is to be imposed only when absolutely necessary. To allow greater ability to imprison children than that allowed for adults is an outcome wholly inconsistent with the above values. The Court therefore interprets Section 1152(A)(2) to only allow incarceration when allowed for adults.[6] Incarceration of a minor when unauthorized for an adult is cruel and unusual punishment in violation of the Navajo Bill of Rights. See 1 N.N.C. § 9 (2005); Martin v. Antone, 4 Am. Tribal Law 666, 2003 WL 25794139 (Nav.Sup.Ct.2003) (a criminal sentence not according to law is cruel and unusual punishment prohibited by the Navajo Nation Bill of Rights). The remaining question in this case is then whether Title 17 allows incarceration of an adult for disorderly conduct.
B
Petitioner was sentenced for disorderly conduct in violation of Title 17, Section 483 of the Navajo Nation Code. Section 483 defines the offense of disorderly conduct and explicitly provides the following sentencing options:
*619 B. Sentence
1. The trial court shall review all charges to ascertain whether there is a personal victim of the offense(s) and whether restitution or nalyeeh shall be paid to the victim(s).
2. The trial court may utilize the services of the Navajo Peacemaker Court to determine nalyeeh and make a sentencing recommendation regarding that sentence, and the trial court may require the defendant to pay the fee of the peacemaker.
3. The trial court may consider the imposition of a peace or security bond upon the defendant, including the pledges of family or clan sureties.
4. Upon the imposition of a bond or security pledges, the district Office of Probation and Parole shall counsel the sureties of the consequences of breach of the bond or pledge.
5. The trial court shall consider the utility of labor or community service sentences, under the supervision of the Navajo Nation Department of Public Safety or a public or private organization, including the chapter in which the defendant resides.
17 N.N.C. § 483(B) (2005). Petitioner argued that the statutory provisions of disorderly conduct does not provide for incarceration as a sentencing option and therefore asserts he is being held unlawfully. Rather than cite statutory authority that specifically allows the incarceration of a minor for disorderly conduct, Respondent justified Petitioner’s detention by simply citing the Family Court’s order, and argued she was simply following the instructions of the court. However, Respondent then argued Section 483(B)(5) and its reference to “supervision of the Navajo Nation Department of Public Safety” for adults can be analogized to the dispositions for “supervision, care and rehabilitation” of minors under the Navajo Children’s Code, 9 N.N.C. § 1152(A), which contemplates the age difference. According to Respondent, “supervision” in Title 17 can mean incarceration.
This Court concludes that Section 483(B)(5) provides no authority to incarcerate a delinquent child for disorderly conduct. Section 483(B)(5) is not relevant to this matter because it pertains to the community service work options for adjudicated adults. Furthermore, Section 483(B)(5) and its reference to “super-vision” is not equivalent to the “super-vision” provision of Section 1152(A) of the Children’s Code. A child cannot be held in a detention facility pending further order of the court and pending placement in a rehabilitation facility like Haa yool Kaal Treatment Center. Thus, the detention of the Petitioner in the original disposition was inappropriate.
IV
For the above reasons, the Court released Petitioner from his incarceration. This case is closed.

. A dispositional order outlining the thirteen (13) conditions was entered on July 24, 2007. The conditions of concern include: “The child shall check in with probation services once a week. The child shall remain in school and abide by all the policies and regulations of the school. He shall maintain a “C” or above grade point average. He is not eligible for a social promotion; the parent and child shall seek tutoring if the child is experiencing difficulty with classes.” Dispo-sitional Order, CH-DL-525-2007, July 24, 2007, Respondent’s Exhibit 3.

. On October 30, 2007, six behavioral referrals were faxed to the Chinle Probation and Parole Services Office documenting the minor's aggressiveness toward a female teacher; use of profanity, inappropriate gestures, physical aggression and disrespectful behavior toward staff.

. The detention hearing was originally scheduled on November 6, 2007. The minor’s request for a continuance was granted by the Family Court.

. The conditions included: N.B. shall obey all reasonable demands of his parent and aunt; N.B, shall not use or possess intoxicating liquors or illegal substances, controlled substances or drug paraphernalia; N.B. shall remain a law abiding citizen; the parties shall return for all hearings in this matter; the child shall remain in school, if still enrolled, and obey all policies and regulations; the parent and aunt shall report all violation immediately; if during work hours, the reports shall be made to probation services, if after work hours reports shall be made to the police department Order for Temporary Release with Conditions, CH-DL-1041-2007, November 7, 2007, Petitioner's Exhibit J.

. On January 25, 2008, the Family Court judge filed a pro se motion to intervene, alleging errors contained in the habeas corpus petition. In the hearing of this matter, the Court denied the motion to intervene, concluding that the Court would limit itself to the filed record.

. This implied condition on the authority to incarcerate is consistent with the explicit condition placed on the authority to impose a line in Section 1152(A), which, only allows a fine in an amount "not to exceed the fine ... if the child were an adult.”