OPINION

This matter comes before the Court on a letter that this Court accepted as a Writ of Habeas Corpus filed by the Petitioner on February 17, 2009. A hearing was held on February 20, 2009, at the Kayenta District Court. Immediately after oral arguments and deliberation, the Court held that the Petitioner wras illegally jailed and, therefore, ordered his immediate release from custody. This opinion follows providing the Court’s reasons.
I
Petitioner was arrested on December 28, 2008 pursuant to a bench warrant issued by the District Court on December 2, 2008. The bench warrant was issued after .Petitioner’s- failure to comply with two of four *146 sentencing provisions detailed in an earlier Judgment and Mittimus entered on October 20, 2008 for the underlying violation of 14 N.N.C. § 707(A), Driving Under the Influence of Intoxicating Liquor. By the October 20, 2008 judgment, the Petitioner was sentenced to jail for 24 hours and ordered to pay a $300 fine within 10 days. Petitioner was further ordered to perform 24 hours of community service work (CSW) and attend a traffic safety course which required a $75 course fee. Petitioner fulfilled his 24-hour jail sentence by October 28, 2008 and successfully completed his CSW hours.
The District Court, pursuant to Petitioner’s motion filed on October 30, 2008, modified the judgment on November 2, 2008 with no objection from the Prosecutor. The District Court allowed payment of the fine by installments; the first payment of $150 to be paid by November 5, 2008. Petitioner however failed to pay the first installment and failed to attend the traffic survival course. On November 5, 2008, Petitioner filed another motion for an extension of time to pay his fine, and the District Court denied the motion on the same day. Subsequently, a Bench Warrant was issued on December 2, 2008 and Petitioner was arrested on December 28, 2008.
An Order of Temporary Commitment was entered on December 29, 2008 requiring that Petitioner be held in custody pending a Bench Warrant Hearing scheduled for January 5, 2009 unless he was able to post a $300 cash bail bond. Also on December 29, 2008, Petitioner wrote to the Prosecutor asking that his outstanding fine be converted to CSW hours due to his inability to pay the total amount owed to the District Court. The letter was submitted to the Court and was accepted as a Motion for Reconsideration. In responding to the motion, the Prosecutor stated no objection to the conversion of the $300 fine to CSW hours. The District Court however denied the Petitioner’s motion on January 8, 2009 and further ordered that Petitioner pay the $300 fine and course fee of $75 before his release from custody. Petitioner was not able to post bail and remained in custody until the scheduled hearing.
At the January 5, 2009 hearing, the District Court held Petitioner’s conduct constituted indirect civil contempt for his failure to pay his $300 fine and attend traffic survival school. The District Court ordered that Petitioner serve a 24-hour jail sentence for contempt of court, which he completed. The Court further ordered that Petitioner be remanded to jail and not be released until Petitioner pays his $300 fine and $75 course fee.
Petitioner has remained in jail since December 28, 2008. On February 13, 2009, Petitioner filed a letter that this Court accepted as a petition for a writ of habeas corpus. An alternative writ was issued on February 18, 2009 ordering Respondent to bring Petitioner before the Court and to show cause why he should not be released. A hearing was held in Kayenta on February 20, 2009.
II
The issues before the Court is whether an indigent person who fails to pay court imposed fines and fees in a criminal proceeding may be incarcerated until he actually pays.
III
Petitioner challenged his imprisonment asserting essentially that his due process rights were violated as he was being held indefinitely for fine and fees that he could not afford to pay. At the hearing on February 20, 2009, the Respondent Navajo *147 Department of Corrections took the position that the Petitioner was held pursuant to a presumed valid order of the District Court. As such, the Respondent did not question the legality of Petitioner’s detention. The Respondent, however, brought the Prosecutor to inform the Court that she did not object to Petitioner’s motion for converting the fíne to CSW hours. The District Court, through its staff attorney, claimed that their authority to hold the Petitioner to compel payment of his fíne and fees arose as a “necessary and proper” function of enforcing compliance with an order of the District Court.
This Court finds the reasoning of the District Court to be insufficient to justify violating Petitioner’s fundamental rights guaranteed by the Navajo Nation Bill of Rights, 1 N.N.C. §§ 1 et seq. (2005). A criminal sentence not according to law is deemed cruel and unusual punishment prohibited by Section 9 of the Navajo Nation Bill of Rights. Navajo Nation v. Jones, 1 Nav. R. 14, 18 (Nav.Sup.Ct.1971), Johnson v. Navajo Nation, 5 Nav. R. 152, 153 (Nav.Sup.Ct.1987). Furthermore, in Martin v. Antone, 8 Nav. R. 346, 4 Am. Tribal Law 666 (Nav.Sup.Ct.2003), this Court established that 17 N.N.C. § 223 requires that every sentence imposed must be definite and limited to one year or less jail time.
Petitioner, pursuant to the January 5, 2009 Order, was found in contempt of court and remanded to the custody of the Respondent and Respondent was instructed not to release Petitioner “until the [Petitioner] pays [his] $300 judgment fine” and his $75 course fee “prior to being released.” Navajo Nation v. Cody, No. KY-TR-1983-08, Order (Kay.Dist.Ct January 5, 2009) (emphasis provided). Although the Petitioner completed his jail term for his indirect civil contempt, the Court ordered his continued imprisonment to compel payment of his fine and course fee. This Court holds that the jail sentence imposed does not have a definite term. The Petitioner was jailed for 55 days although he kept informing the District Court that he does not have the money, nor can he raise the money if he is incarcerated. Under these circumstances, the sentence is contrary to 17 N.N.C. § 223, constituting cruel and unusual punishment.
Incarceration for a civil debt is prohibited in the Navajo Nation. Pelt v. Shiprock District Court, 8 Nav. R. 111 (Nav.Sup.Ct.2001). In Pelt, this Court found an indefinite civil contempt order jailing petitioner solely for failure to pay civil judgment for contract debt to be an unreasonable deprivation of liberty contrary to the Navajo Nation Bill of Rights. Id. Specifically, the Bill of Rights provides that “[l]ife, liberty, and the pursuit of happiness are recognized as fundamental individual rights of all human beings.” 1 N.N.C. § 3 (2005). This Court however has not addressed the question of incarceration for non-payment of court imposed fines and fees in a criminal proceeding.
The Order of January 5, 2009 jailed Petitioner solely for his failure to pay the court imposed fine and fees in a criminal proceeding despite his claims of indigency. Furthermore, the Petitioner’s request to convert his fines to CSW hours was supported by the Prosecutor, made in good faith, and was a reasonable option available given Petitioner’s inability to pay and his previous compliance with his CSW sentence. In this habeas corpus proceeding, the District Court needed to show cause for its order; in other words, it needed to provide legal authority for its order. No such legal authority was provided. The Court’s counsel’s position—upon direct question at the oral argument of February 20, 2009—that the need to “uphold the *148 integrity of the court” and the need to “enforce the law” do not justify issuing an indefinite sentence and jailing the Petitioner for his inability to pay a criminal fine. We therefore hold that the Navajo Nation Bill of Rights prohibited Petitioner’s incarceration for his inability to pay the court imposed fines and fees in a criminal proceeding; under these circumstances, the sentence constitutes cruel and unusual punishment and an unreasonable deprivation of liberty.
Petitioner was illegally detained for 55 days prior to his release by this Court. During that time, he has worked without pay in the kitchen of the detention facility. He has completed more than 168 hours of kitchen detail that this Court now applies, as community service hours, towards the unpaid fine.
IV
Based on the above, the Court ordered the immediate release of the Petitioner following the February 20, 2008 hearing. The Court further concludes that the Petitioner has paid his fine in full to the District Court through community service hours performed during the 55 days the Petitioner was illegally detained. The provision of the January 5, 2009 Order requiring that Petitioner attend a traffic survival course is also VACATED. No money is owed by the Petitioner to the District Court. This case is closed.