OPINION

This matter came before the Court on a Petition for Writ of Habeas Corpus. The District Court filed a response brief, to which a timely reply was received. The Respondent, through its legal counsel, responded in open court. On April 10, 2012, after hearing oral arguments, the Court denied the release of the Petitioner. A brief Order issued on the same day indicated that a more thorough Order explaining the reasons for the denial would be forthcoming. The Chief Justice originally dissented but now joins in the present Opinion. This is the more detailed Order.
I
The Petitioner is a minor who was taken into custody after a high speed car chase from police on March 12, 2012, The Petitioner was subsequently charged with: 1) Reckless Driving, 14 N.N.C. § 708(A); 2) Unlawful Flight from a Pursuing Law Enforcement Vehicle, 14 N.N.C. § 702; and 3) No Valid Driver’s License, 14 N.N.C. § 201. Based on these three (3) Motor Vehicle violations, three separate Petitions to Adjudicate the Child Delinquent[1] were filed with the Crownpoint Family Court (“Family Court”) on March 14, 2012, along with a Motion for Further Detention.
On March 15, 2012, the Family Court convened a detention heating with minor’s guardian in attendance after issuing a “summons/notice of hearing.” However, before the detention hearing was held, the judge launched into a preliminary hearing, advising him of his rights and reading the Petitioner each of his three charges in detail and asking for his plea. During the reading of the charges, the guardian stated, “I think he needs an attorney.” Nevertheless, the judge proceeded with the remainder of the preliminary hearing. After the preliminary hearing was completed, the judge commenced with the detention hearing, taking testimony from two (2) police officers. The record shows that neither the child nor guardian raised the need for legal representation during the detention hearing. Based on the presentations made at the detention hearing, the Family Court granted the Navajo Nation’s request for further detainment of the minor child. On March 23, 2012, the minor, through court-appointed legal counsel, moved the Family Court for immediate release which was denied on March 27, 2012. Subsequently, the minor filed this Petition for Writ of Habeas Corpus.
II
 The Navajo Nation Supreme Court has the authority to issue any writs necessary and proper to complete the exercise of its jurisdiction; to prevent or remedy any act of any Court which is *388 beyond such Court’s jurisdiction; or to cause a Court to act where such Court fails or refuses to act within its jurisdiction. 7 N.N.C. § 303. Such writs are normally issued only where there is no plain, speedy, and adequate remedy at law. See Johnson v. Tuba City District Court, 7 Am. Tribal Law 566 (Nav.Sup.Ct.2007). We have stated that even though habeas writs can arise out of criminal cases, all writs are classified as civil in this Court. In the Matter of H.M., 8 Nav. R. 572, 578, 5 Am. Tribal Law 454 (Nav.Sup.Ct.2004). In a habeas corpus action involving minors, a unanimous Court may release the child immediately based on the petition itself, on the day of the filing of the petition, without the necessity of a writ and hearing required by Thompson. Id. at 579-580, 5 Am. Tribal Law 454. Otherwise, the habeas corpus procedures set forth for adults in Thompson v. Greyeyes, 8 Nav. R. 476, 5 Am. Tribal Law 400 (Nav.Sup.Ct.2004) will apply, namely: (a) The petitioner initially has the burden to establish facts showing his illegal detention; (b) once shown, the Chief Justice issues a writ of habeas corpus; (c) the burden then shifts to the government to show that the petitioner’s detention is legal. In this case, a writ was issued and a hearing was set. Although the Petitioner raised several arguments in his petition and during oral arguments, we find that the issues effecting legal detention are: 1) whether a child has a right to counsel at a detention hearing?; and 2) was the detention made in compliance with the Álchini Bi Beehaz’ áannii Act (“ABBA”)?
Ill
Before addressing the issues, the Court will take this opportunity to determine whether it was error for the Family Court to conduct a preliminary hearing prior to the detention hearing. This is an important matter because the child, through his guardian, raised his right to counsel during the preliminary hearing portion of the hearing. Immediately thereafter, the Family Court conducted a detention hearing. We find it necessary to explain why a detention hearing should be held prior to a preliminary hearing.
Rule 9 of the Navajo Children’s Code Rules of Procedure (“NCCRP”) sets forth the order of procedure for delinquency proceedings.[2] After a complaint is filed and the child is not released from custody, a Family Court must hold a detention hearing within twenty-four (24) hours from the time the petition is filed. 9 N.N.C. § 1311(A). Whereas, when a child is not released from custody, a Family Court may schedule a preliminary hearing at any time within ten (10) days from the date the petition is filed. 9 N.N.C. § 1308(A)(1). As such, Rule 9 of the NCCRP indicates that a detention hearing is held prior to the preliminary hearing. However, Rule 9(10) also states that, “[a]t any time other than a transfer hearing, the court may handle all matters at one time or in phases provided that any consolidation is consistent with time requirements.” To “consolidate” means “to unite or unify into one mass or body, ...” Black’s Law Dictionary 279 (5th Ed. 1979). In the literal sense, a detention hearing cannot be unified with a preliminary hearing because the purposes of these hearings are substantially different.
We have recognized that the purpose of a detention hearing is to determine whether further detention is necessary. In the Matter of L.R., v. Greyeyes, 7 Am. Tribal *389 Law 574, 578 fn. 8 (Nav.Sup.Ct.2007). When a child is arrested, the arresting officer must have probable cause to believe that the child committed a delinquent act. See 9 N.N.C. § 1301(A)(4). Once taken into temporary custody, the officer has the option to release the child to the parent, guardian, or custodian or to deliver the child to the probation officer or a detention facility. 9 N.N.C. § 1302(A). If the child is delivered to a detention facility, the officer must then file a police report with the Prosecutor’s office within forty-eight hours. 9 N.N.C. § 1304(B)(1). It then becomes the Prosecutor’s duty to file a delinquency petition within twenty-four (24) hours of receiving the police report if further detention is sought. 9 N.N.C. § 1305(B). A detention hearing must then be held within twenty-four (24) hours of the filing of the delinquency petition. 9 N.N.C. § 1311(A). A family court is allowed to hear “all relevant and material evidence helpful in determining the need for detention ... even though it would be otherwise inadmissible in a hearing on the petition.” 9 N.N.C. § 1311(D). Section 1311(F) sets forth the basis for the issuance of an order for further detention.
These brief time requirements and delicate nature of a detention hearing shows that there is an immediate need to consider the concerns of the child as well as the possibility of what the child has the potential to do to the public. In the Navajo wholistic sense, the purpose of a detention hearing can be best described as álchínl baahasti’, bik’éí dó’ baahasti’, él biniinaa doo t’óó bil nahalzhiishda.
At a preliminary hearing, the Family Court examines whether there is adequate evidence to bring the matter to trial. In re A.W., 6 Nav. R. 38, 42 (Nav. Sup. Ct. 1988). The child also admits or denies the allegations in the delinquency petitions.[3] This is best described as alchini bee bik’éhást’ahágii bil áshjqq, ályaago ák’i hadoodzih. In A.W., we ruled that a child has a right to counsel at a preliminary hearing. Id. Therefore, it was an obvious error for the Family Court to resume with a preliminary hearing after the right to counsel was asserted for the child. Unlike the provisions for detention hearings, section 1308(B)(3) of ABBA specifically allows a family court to continue the preliminary hearing in order for the child to obtain legal representation. Section 1308(C) allows a family court to continue the preliminary hearing up to ten (10) days when the child is detained. Thus, the Family Court should have stopped the preliminary hearing when the child asserted his right to counsel.[4]
Importantly, the Rules and ABBA set forth a sequence of procedures in which juvenile proceedings are held. Although the Court will not disturb a family court’s ability to hold a detention hearing and a preliminary hearing “at the same time,” the purposes for these hearings are clearly distinct and should be held separately.[5] Additionally, in order to avoid any confusion, juvenile proceedings must be held in the order set forth in Rule 9 of the NCCRP. This means that for future purposes, when a family court consolidates a detention hearing and a preliminary hear *390 ing, the court shall conduct a detention hearing first and conclude the hearing before proceeding onto the preliminary hearing.
IV
We now determine the legality of the child’s detention based on the child’s assertion that he was denied the right to counsel at the detention hearing. We take notice of 9 N.N.C. § 1310(A) which provides for a child’s right to the assistance of counsel at “all proceedings alleging the delinquency of a child.” This section codifies our holding in In re A.W., 6 Nav. R. 38, 42 (Nav. Sup. Ct. 1988), namely, that “in a proceeding alleging the delinquency of a child under the Children’s Code, the child has the right to be represented by an attorney.” The Petitioner asserts that the right to counsel also applies to detention hearings. We disagree.
As mentioned, section 1311(A) of the ABBA requires that a detention hearing be held within twenty-four (24) hours of the filing of the delinquency petition. This section is similar to the old Children’s Code provision, 9 N.N.C. § 1113(A)(2) [1985], which also required a detention hearing to be held within the same time frame. Based on this provision, we have recognized that a detention hearing must be held and it is not within the discretion of a family court to not hold a detention hearing. In re A.W., 6 Nav. R. at 42. Section 1311(A) is unlike section 1308(B)(3) of the ABBA which gives discretion for a family court to continue a preliminary hearing when the right to counsel is asserted by a child. The absence of similar language in the detention hearing section leads this Court to conclude that the 24 hour timeline is intended to be binding on the judge under all circumstances.[6] In addition, diñé bi beenahazáanii supports our holding.
Navajo common law considers the detention of a child a very important matter, stating that “incarceration is a severe remedy for a child, and is to be imposed only when absolutely necessary.” In the Matter of N.B., 7 Am. Tribal Law 615, 618 (Nav.Sup.Ct.2008). Children must be treated with respect because they are “fragile and the utmost care must be taken because of their continued growth.” Id. There is always a concern for a child who is subjected to detention because they are not yet fully emotionally mature and therefore they experience “a gamut of emotions” which can lead to violent acts upon themselves or others. In the Matter of L.R. v. Greyeyes, 7 Am. Tribal Law 574, 577-78 (Nav.Sup.Ct.2007); In the Matter of M.G. v. Greyeyes, 7 Am. Tribal Law 514, 516 (Nav.Sup.Ct.2007); In the Matter of H.M., 8 Nav. R. at 579, 5 Am. Tribal Law 454; In re A.W., 6 Nav. R. at 41. These principles can be summed up as, biniinaanii holqqgo éí ále,hint nízaadgóó wótq,’. Therefore, a determination of whether to release the child should be made at the earliest time possible.
We take notice that a child does not face a detention hearing alone. The parent, guardian, or custodian must be provided with notice of the detention hearing. 9 N.N.C. § 1311(B). We have also recognized that a parent or guardian must be allowed to speak for the child in a juvenile proceeding. In re A.W., 6 Nav. R. at 43.
*391 We take notice that the ABBA applies to all children under the age of eighteen (18) but the law does not provide guidance when the minor appears alone at a detention hearing. The consideration at a detention hearing is whether there should be further detention, not the merits of the charges. In Navajo teachings, when a child reaches puberty, a boy becomes a young man and a girl becomes a young women. Young men and young women are able to speak to the court on the matter of further detention. In other words, young people can express to the court whether or not there is alternate placement available. Although the ABBA did not consider puberty in drafting the law, we find that Navajo young men and women are capable of speaking for themselves at a detention hearing.
Taking into account all the circumstances, we hold that the right to counsel, whether under statutory or fundamental law, does not attach at a detention hearing. Our holding does not prevent a child from obtaining legal representation, at his or her own expense, to be present at a detention hearing.
V
Was further detention made in compliance with the ABBA? Section 1311(F) of ABBA lists three (3) ways in which a Family Court may consider further detainment. In relevant part, it requires a Family Court to find probable cause that the child:
1. Will commit injury to persons or property of others, or cause injury to himseliyherself or be subject to injury by others; or
2. Has no parent(s), guardian(s), custodian(s), or other person able to provide adequate supervision and care for the child; or
3, Will run away or be taken away so as to be unavailable for proceedings of the Court or its officers,
[Emphasis added]
The transcript from the detention hearing indicates that the Family Court received testimony from two police officers who alleged that they were aware of an initial traffic stop whereby the minor was a passenger in a vehicle. As the officers were handling the driver, the minor got into the driver’s seat and drove off. The officers claimed that the minor led several officers on a high speed car chase at speeds exceeding 100 miles per hour. One officer alleged that during the car chase, there was other traffic on the roadway and he saw at least one pedestrian along the road. The same officer testified that when the vehicle was forced to stop, the minor exited the vehicle and began to run from the officers. The other officer testified he retrieved and examined a gun from the vehicle the child was driving and the gun had a live round in the chamber. The Family Court Judge then informed the child that the officer’s testimonies were enough to find his continued detention appropriate. The resulting order for detainment states that the testimonies of the officers shows probable cause that the child may pose a danger to others and he “has a propensity to flee instead of appearing in Court to defend himself against the charges.” The order references sections 1811(F)(1) and (3) of ABBA to support the detainment. Based on the record, the Court finds that the Family Court’s order for further detainment is lawful because it was made in compliance with ABBA.

. Of the 3 traffic citations, pursuant to 9 N.N.C. § 1317, only the reckless driving citation could be filed as a delinquency matter. Given the decision in this case, the court need not address the erroneous use of the other 2 citations filed as delinquency charges.

. The Court takes notice that in 201!, the ABBA replaced the former Navajo Children's Code. Nevertheless, our precedence examined under the prior Code will continue to be relied upon so long as it remains consistent with ABBA.

. See 9 N.N.C. § 1308(D) requiring an adjudicatory hearing or a dispositional hearing based on whether the child’s, admits or denies the allegations made in the petition(s).

. We will not accept the proposition that it was harmless error for the Family Court to proceed with the preliminary hearing because the judge entered not guilty pleas for the child.

.However, notice of the detention hearing and the preliminary' hearing may be combined into a single notice of hearing.

. Importantly, our decision in Shaw v. Shiprock Family Court, No. SC-CV-04-10, slip op. at 6-7 (Nav.Sup.Ct. June 11, 2010), set forth a procedure requiring all appointments of counsel to be based on indigency standards. This takes time to process which won’t be completed within the mandatory and unwaivable twenty-four (24) hour time period for a detention hearing.