*Erby APACHITO*
Petitioner
*vs.*
*NAVAJO NATION*
Respondent
In the Supreme Court of the Navajo Nation

No. SC-CV-34-02

August 13, 2003

Leonard Tsosie, Esq., for Petitioner.

Vernon Roanhorse, Esq., for Respondent, Alamo Prosecutor's Office.

Before Yazzie, Chief Justice, and Sloan, Associate Justice.

Opinion delivered by YAZZIE, Chief Justice.

This case comes before us on a petition for issuance of writ of *habeas corpus.* Petitioner ("Apachito") challenges the legality of his incarceration, which resulted from the Alamo Circuit Court's decision to deny him pretrial bail release. We heard oral arguments on September 6, 2002 and we denied the petition. We now issue our opinion on the matter. In this case, we are asked to decide whether Nav. R. Cr. P. 15(d) requires a trial court to make specific detailed written findings to support its decision to deny pretrial release of a criminal defendant. We also consider the standard of proof required to sustain a pretrial denial of bail. In the first instance, we hold that it is not necessary for a trial court to make written findings, and in the latter we hold that the standard of proof is clear and convincing evidence.

I

Petitioner was arrested on charges of two counts of Battery and one count of Disorderly Conduct in the community of Alamo, New Mexico on Friday, July 26, 2002. He was transported to the Crownpoint, New Mexico Detention Facility and jailed there pending further proceedings. The following Monday, July 29, 2002, the Navajo Nation filed its criminal complaints against the defendant in the Alamo Circuit Court, along with a Motion for Temporary Commitment and Denial of Bail and Release asking the Court to deny Apachito's release from custody, stating that Apachito was "a danger to the public safety of this community and will intimidate the Navajo Nation witness." While neither the petition nor the presentations at oral argument make it clear, we assume Apachito was brought before the Court on July 29th for his initial appearance. In the absence of a showing to the contrary, we defer to the Trial Court record, which indicates that Apachito was brought before the court. The Court issued its Order for Temporary Commitment ordering Apachito's detainment without bail and set the matter for an August 6th bail hearing.

At the August 6th bail hearing, the Navajo Nation called three witnesses in support of its contention that Apachito was a danger to the community and would seek to intimidate witnesses. At the conclusion of the hearing, the Court entered its second Order for Temporary Commitment ordering Apachito's further detention without bail citing 17 N.N.C. §1812 and Nav. R. Cr. P. 15(d) as the basis for its action. In issuing its Order, the Court found that: "[w]itnesses provided testimony for the Navajo Nation and the Defendant. Included in the testimony were statements that witnesses fear for their safety and the safety of their families and property if the defendant is released." Thereafter, Apachito retained counsel and sought reconsideration of the bail denial. The court denied the motion. Petitioner then brought this *habeas corpus* proceeding.

## II

While he makes sweeping allegations of error in the trial court's factual determinations in the course of the pretrial detention proceedings, we believe pretrial release and bail are matters rightly committed to the sound discretion of the trial court. We are concerned here only with Petitioner's contention that the Navajo Nation Bill of Rights and the Indian Civil Rights Act require that a trial court enter written findings of fact to support an order denying bail. As an ancillary matter, we also consider the burden of proof required for bail denials.

The Navajo Nation Bill of Rights (1 N.N.C. §5 (1995)), like the Fourth Amendment to the United States Constitution, and Section 1301 of the Indian Civil Rights Act, protects the right of the people to be secure in their persons and property against unreasonable searches and seizures of government, including unreasonable arrest and detention. A person may not be subject to incarceration except by clear authority of the law. A person is entitled to a prompt judicial determination of probable cause soon after arrest, but in no event later than 36 hours, if in custody during business days, or 48 hours if on a weekend or holiday. The probable cause determination examines whether arrest and detention are justified. However, a determination of probable cause only justifies initial arrest and detention incident to the arrest. When pretrial release is opposed, the question then becomes whether the defendant, if released, will seek to interfere with the proper administration of justice, or is a danger to the community. Our rules of criminal procedure require a finding that "the defendant is dangerous to public safety or that the defendant will commit a serious crime, or will seek to intimidate any witness, or will otherwise unlawfully interfere with the administration of justice if released, or for any other reason allowed by law . . ." Nav. R. Cr. P. 15(d). To ensure fairness and propriety the court must also, "state the reasons for the record." Nav. R. Cr. P. 15(d). The trial court gave its reasons for denying release in this case.

Petitioner argues that the Navajo Bill of Rights and the Indian Civil Rights Act require the trial court to make and enter detailed findings of fact in a written order upon the denial of bail. He contends that anything short of that is a violation of a defendant's right to security against unreasonable seizures. We disagree.

When we revised the Navajo Rules of Criminal Procedure in 1989, we did not envision that every trial judge should make specified written findings of fact to support a bail denial. We expected that, at a minimum, a trial court would express orally, in the course of a recorded open-court bail hearing, its reasons for why bail should be denied. Before the revisions, the lack of comprehensive procedural rules led to disparate informalities violative of defendants' rights to due process of law, *e.g.* closed, in camera, arraignments and bail hearings. The rule requiring findings on the record was motivated by such concerns. Practical and sound policy reasons also support our view. Every year more than 30,000

criminal cases are filed in the trial courts throughout the Navajo Nation. It would be impractical to require that in every instance where a bail denial is considered, a trial court must state the reasons for bail denial on the record and then undertake the tedious task of rushing to reduce the same to writing.

Apachito asserts that when the trial court failed to reduce the reasons to writing, he was denied the opportunity to know of the reasons for his bail denial. We disagree that the reasons must be set forth in a particular format. The court's verbal notification of its reasons for denial of bail, on the record, is sufficient so long as the defendant is present at the time the record is made. *See* Nav. R. Cr. P. 16. Defendant does not argue that he was not present at the bail hearing or unaware of the testimony presented by the Plaintiff. Such arguments might lead to a claim that Defendant's right to confrontation was violated, but that is not the case before us. We hold that the reasons for denying release need not be made in writing.

### III

Finally, we take this opportunity to discuss the burden of proof required for the denial of bail. If the burden of proof is too high or too low, or allocated to the wrong party, one's procedural rights to the due process of law may be violated. In considering pretrial detention and the denial of bail the trial court must balance the defendant's right to be free of governmental restraint and the community's right to be free of criminal conduct. In most types of legal actions, the burden of proof rests, at least initially, with the claimant *i.e.*, the plaintiff or petitioner. In civil actions, the required degree of proof is generally a preponderance of evidence. The required burden of proof in criminal cases is much higher because liberty interests are at stake. In criminal cases, the prosecution must prove each element of an offense beyond a reasonable doubt. 17 N.N.C. §206 (2000).

A pretrial detention proceeding or bail hearing determines the defendant's personal freedom from detention, but it does not involve proof of ultimate guilt or innocence. To assure defendants' procedural due process, the burden of proof is allocated to the prosecution, as in all criminal matters. However, we believe the prosecution need not prove the legality of defendant's detention beyond a reasonable doubt because pretrial detention serves to foster the administration of justice by preventing defendants from intimidating witnesses or otherwise interfering with the prosecution of the charge. Pretrial detention also prevents danger to the community.

The prosecution need not prove that pretrial release should not be granted beyond a reasonable doubt; but pretrial detention based on the mere preponderance standard would violate a defendant's right to the due process. This Court has previously held that clear and convincing evidence is required in cases involving personal freedoms, and today we adopt that standard for pretrial detention proceedings, including bail hearings. *See Manygoats v. Cameron Trading Post*, 8 Nav. R. 3 (Nav. Sup. Ct. 2000).

When the Navajo Nation government proves by clear and convincing evidence that a defendant is dangerous to public safety, is likely to commit a serious crime while on bail or any of the other factors enumerated in Nav. R. Cr. P. 15(d), then the Court may order that the defendant be further detained until the trial of the charge in order to safeguard the judicial system and the community.

### IV

For the foregoing reasons, we hold that the burden of proof that must be met for a court to deny pretrial release under Nav. R. Cr. P. 15(d) is clear and convincing evidence. The trial court's findings pursuant to that rule need not be in writing, but are sufficient if they are on the record and the defendant has notice of the reasons for the denial.

Accordingly, Defendant's Petition for Writ of *Habeas corpus* should be and is hereby DENIED.