OPINION

This case concerns requirements district courts must follow to deny a criminal defendant release from custody pending trial. The Court previously released Petitioner after granting her writ of habeas corpus. The Court gives its reasons for her release in this opinion.
I
The relevant facts are as follows. The Ramah Office of the Prosecutor filed a criminal complaint in the Ramah District Court (District Court) against Petitioner Seperina Dawes (Dawes) for the offense of endangering the welfare of a minor. The District Court scheduled arraignment for December 10, 2007. Dawes did not appear at the arraignment, for reasons that are in dispute, and the District Court issued a bench warrant to compel her attendance. Dawes was picked up on the warrant, and appeared before the District Court on February 20, 2008. At that time, the District Court allegedly verbally denied bail on the ground that Dawes lived in Albuquerque, and therefore was a flight risk.[1] *621 Dawes was therefore kept in custody pending trial on the offense, scheduled for March 24, 2008. On February 22, 2008, Dawes filed a written request to be released on bail. The Office of the Prosecutor filed a response opposing release on February 27, 2008. The District Court did not respond to the request. On March 3, 2008, Dawes filed a pro se petition for a writ of habeas corpus.
This Court issued the writ on March 5, 2008, and scheduled a hearing for March 7, 2008. The Court ordered the District Court to submit a copy of the record for the Court to review pending the hearing. The writ originally named Delores Grey-eyes, Director of the Department of Corrections as the respondent, as is the usual practice when a criminal defendant being held in a Navajo jail requests release. See, e.g., In re L.R. v. Greyeyes, No. SC-CV-39-07, 7 Am. Tribal Law 574, 2007 WL 5884944 (Nav.Sup.Ct.2007). Greyeyes filed a motion to quash the writ, indicating that her department did not operate the detention facility at Ramah.[2] Instead of quashing the writ, the Court substituted Wendell Eriacho (Eriacho), Detention Administrator for Ramah, as respondent. The Court held the hearing as originally scheduled on March 7, 2008. Based on the arguments of the parties, the Court released Petitioner that same day, and indicated an opinion would follow.[3]
II
The issues in this case are 1) whether a criminal defendant should be released from detention when the district court did not provide written reasons for denying her release pending trial if the reasons are otherwise provided verbally “for the record,” and 2) whether a criminal defendant should be released from detention when the district court declined to respond to her request for release on bail for two weeks after the request was filed with the court.
III
The first issue is whether the lack of written findings supporting denial of bail justifies her release by this Court. Though the District Court issued a written order of detention, and allegedly verbally denied bail, it did not include findings in a written order. Rule 15(d) of the Navajo Rules of Criminal Procedure requires that reasons for the denial of release be stated “for the record.” At oral argument, Respondent alleged that the District Court did state its reason at the arraignment, that Dawes was a flight risk due to her *622 residency in Albuquerque outside the jurisdiction of the Nation. Respondent’s counsel suggested he had a copy of the transcript of the arraignment, but at no time attempted to file the transcript with the Court.[4]
The Court takes this opportunity to clarify inconsistent statements in prior opinions. In Apachito v. Navajo Nation, the Court held that written findings on a denial of bail were not necessary as long as the district court gave verbal reasons at the hearing. No. SC-CV-34-02, 4 Am. Tribal Law 660, 669-70, 2003 WL 25794140 at *1-2 (Nav.Sup.Ct.2003). The Court interpreted the “for the record” requirement in Rule 15(d) to not require written findings. Id. at 4 Am. Tribal Law at 670, 2003 WL 25794140, *2. The Court stated that given the number of criminal cases heard in the Nation, a requirement to provide written reasons for every bail denial would be impractical. Id. at 4 Am. Tribal Law at 670, 2003 WL 25794140, *2. As long as the defendant was informed of the reasons at a “recorded, open-court bail hearing,” the Court held that was sufficient under the Navajo Bill of Rights. Id. However, in Seaton v. Greyeyes, the Court stated that written reasons to deny a criminal defendant’s release were necessary, even if such reasons were given to the defendant at a hearing. No. SC-CV-04-06, 6 Am. Tribal Law 737, 742 n. 4, 2006 WL 6168962 at *2-3 n. 4 (Nav.Sup.Ct.2006). The Court held the lack of written reasons violated Sea-ton’s due process rights, as he was not given notice of the reasons, and the opportunity to be heard to contest them. Id. The Court noted the possibility that Sea-ton was told the reasons at several hearings, but nonetheless ruled that written findings were necessary. Id. at 742 n. 4, 2006 WL 6168962, *2 n. 4. The lack of written findings was only one of several reasons for Seaton’s release, however, as the Court further held that the delays in holding a trial on the merits violated Sea-ton’s right to a speedy trial under the Navajo Bill of Rights. Id. at 742-44, 2006 WL 6168962, *2-5.
The Court now clarifies that written reasons are not required, as long as the district court judge clearly and adequately explains his or her reasons for denying release to the defendant, and such reasons are available in the record of the case. The primary purpose of requiring reasons is so that the defendant understands why he or she will continue to be held pending trial, and may contest those reasons before the district court, and, if necessary, before this Court in a habeas corpus proceeding. This was the reason for the Court’s holding in Seaton, as the Court concluded that Seaton did not know why he continued to be detained. A secondary reason is to facilitate review by this Court, as the Court may more easily decide whether such reasons are valid if it can review such reasons in written form. Cf. Watson v. Watson, No. SC-CV-45-03, 6 Am. Tribal Law 644, 647, 2005 WL 6235871 at *2 (Nav.Sup.Ct.2005) (requiring written findings to support discretionary decisions in civil cases that dispose of issue in a case). As long as the defendant is aware of the reasons, and such reasons are part of the district court record so that the defendant may challenge them and this Court may review them, this Court will not *623 release a detained defendant merely because there are no written findings. In addition to the reasons stated in Apachito, the Court notes that audio recordings are made of all proceedings and written transcripts can be produced from them.[5] The recording and transcript of a pretrial hearing can be submitted to this Court for review. The lack of written findings in the district court’s first denial of release, by itself, therefore does not justify Dawes’ release by this Court.
However, the portion of the record that would show the district court’s reasons were not provided in this case, and Dawes might be justifiably released for Respondent’s failure to provide evidence of the court’s reasons. Unlike this case, this Court in Apachito had evidence before it that the district court verbally provided reasons to the criminal defendant. See No. SC-CV-34-02, 4 Am. Tribal Law at 669-70. 2003 WL 25794140 at *2. In the instance case, the Court requested that the District Court submit a copy of the record prior to the habeas hearing. The District Court did not provide a recording or transcript of the hearing where it denied petitioner’s release. Further, as discussed above, though Respondent’s counsel alleged that the District Court had a reason, and that he gleaned this from a transcript of the hearing, he never provided the Court with a recording or a copy of the alleged transcript. On the other hand, Dawes did not deny at the hearing that she was given notice of that reason. Under the circumstances of this case, the Court does not hold that Dawes should have been released simply for the lack of written findings. However, in future cases, the respondent must provide some evidence from the record to show that the district court did give clear and adequate reasons for denial of release.
IV
That is not the end of the matter, however, as the Court further concludes that the failure to rule at all on Dawes’ later request for release on bail justifies this Court’s decision to release her. Dawes filed a written request to be released on bail on February 22, 2008. The Office of the Prosecutor responded opposing release on February 27, 2008. When the district court issued no ruling on the request, Dawes filed pro se a request for a writ of habeas corpus with this Court on March 3, 2008. By the time of the hearing on March 7, 2008, two weeks had gone by without a response by the district court. Meanwhile, Dawes remained in jail without knowledge of why she remained there, and no opportunity to contest the district court’s reasons. The district court violated Rule 15(d) of our Criminal Rules of Procedure. Reviewed in the context of that rule, the District Court’s failure to respond was, in effect, a denial of her request without any reasons, whether verbal or written. Even under the more liberal rule announced today, the District Court provided no reasons “for the record.” By violating Rule 15(d), the District Court detained Dawes without notice or opportunity to be heard, and also therefore violated her right to due process under the Navajo Bill of Rights. See Seaton, No. SC-CV-04-06, 6 Am. Tribal Law at 741, 2006 WL 6168962 at *2-3 (violation of notice provisions of Rule 15(d) is a denial *624 of right to due process). That is enough, to justify her release.
Y
For the above reason, the Court released Petitioner from her detention. This case is now closed.

. The record submitted to this Court does not show a written order denying bail for that *621 reason. The allegation that the district court verbally denied bail comes from a statement by Respondent’s counsel at the hearing in this case. As this point is the main issue in the case, it is discussed in more detail below. See Part III, infra.

. According to information submitted at the hearing, Ramah operates its own detention facility pursuant to a 638 contract with the Bureau of Indian Affairs. Counsel Sampson Martinez appeared at the hearing on behalf of "Ramah 638 programs." As a preliminary matter at the hearing, the Court requested that the counsel for the parties discuss who would represent Eriacho. Mr. Martinez and the Chief Prosecutor agreed that the Prosecutor would argue the case on behalf of Respondent Eriacho.

. Between her release and this opinion, Respondent Eriacho, through the Office of the Prosecutor, filed a request for reconsideration of the Court's ruling. The Court denied the request, as it noted that Eriacho did not seek a reversal of Dawes' release, but a change in this Court's rules for future habeas proceedings, specifically, the naming of the district court as respondent instead of or in addition to the director of corrections. As such, the Court denied the request pursuant to its opinion in In re Mental Health Services for Bizardi, No. SC-CV-55-02, -Am. Tribal Law-, 2004 WL 5658531 (Nav.Sup.Ct.2004).

. The Office of the Public Defender submitted a copy of the transcript with its response to Respondent’s petition for reconsideration, filed between Dawes' release and this opinion. See supra, n. 3. As it was not submitted at the hearing, the Court did not consider it when it released Petitioner, and therefore treats the reasons for denying bail suggested by Respondent's counsel as allegations and not fact.

. The Navajo Nation courts are currently upgrading their technology to allow digital recordings of proceedings, and placement of such recordings immediately on CDs. Once completed, this upgrade will facilitate immediate availability of recordings, and no party can claim that he or she simply could not access the verbal reasons given by a district court judge to deny a defendant's release.