*142
OPINION

This matter concerns the issuance of a writ of habeas corpus in the midst of an order to show cause proceeding initiated under the Domestic Abuse Protection Act (DAPA) to enforce a domestic violence protection order that had expired on its own terms. The Court previously released the Petitioner. The Court issues this opinion to explain the grounds for the release and to clarify Section 1668(B) of the DAPA.
I
On June 4, 2007, a Domestic Abuse Protection Order (DAPO) was entered against Petitioner following a hearing on May 24, 2007. The DAPO came in two parts. First, it prohibited further abuse and harassment, ordered Petitioner to stay-away, and barred any contact. Secondly, temporary custody of the parties’ children and child support were awarded to the mother and the Petitioner was ordered to pay for certain household bills. By its own terms, the temporary child support provision expired on November 4, 2007 and the DAPO expired on December 4, 2007.
On November 13, 2007, the mother filed a petition for an Order to Show Cause (OSC) alleging that Petitioner had violated the DAPO with respect to the child support payments, bill payments, and had caused property damage since the issuance of the DAPO. The Family Court that same day issued an OSC that scheduled a hearing for December 6, 2007, twenty-three days later. Petitioner was not personally served.[1] Petitioner did not appear for the hearing on December 6, 2007. On December 11, 2007, the Family Court issued a warrant for his arrest.
On October 16, 2008, Petitioner was arrested on an unrelated matter. While being booked, Petitioner was served with the Bench Warrant of December 11, 2007. On October 17, 2008, Petitioner was served in jail with an Order for Temporary Commitment on the DAPO matter. The Order stated that good cause had been shown why the Petitioner should be detained until the OSC hearing scheduled for November 6, 2008—twenty days later-—and further ordered that Petitioner may be admitted to bail upon the posting of a $500 cash bond.
On October 20, 2008, Petitioner filed a letter that this Court accepted as a Petition for a Writ of Habeas Corpus seeking his release. This Court issued the writ on October 21, 2008 ordering Respondent to bring Petitioner before the Court and to show cause why Petitioner should not be released. The Court further ordered the Family Court, though not a party to a habeas proceeding, to respond to the following questions: 1) by what authority does the presiding judge who issued the DAPO purport to set a show cause hearing on a protection order that had expired on its own terms; and 2) by what authority does a judge purport to issue a Bench Warrant and an Order for Temporary Commitment on a protection order that had expired on its own terms. The Family Court, through its Staff Attorney, filed a response on October 23, 2008. A hearing was held on October 23, 2008. After oral arguments, the Court ordered Petitioner’s release.
II
The issue in this case is whether a person is illegally detained, pending an OSC hearing scheduled 20 days after the temporary commitment order, without an appearance before the Family Court on a *143 protection order that expired on its own terms.
Ill
Petitioner challenged his imprisonment asserting that his due process rights were violated because he did not appear before the Family Court and was not informed as to why he was being held. The Respondent Navajo Department of Corrections simply contends that the commitment order is presumed valid and opts to remain neutral on whether or not the order violated Petitioner’s rights. The Family Court, on the other hand, maintains that because the alleged violations to be considered at the hearing occurred before the relevant DAPO provisions expired, it had the authority and responsibility to issue the bench warrant, order temporary commitment, and proceed with the OSC hearing regardless of whether the DAPO had since expired.
Under DAPA, 9 N.N.C. § 1601 et seq. (2005), the Family Court has jurisdiction to enforce a DAPO through an OSC proceeding. See 9 N.N.C. § 1663. Specifically, section 1663(B) states any person may move the Family Court for an OSC where there are allegations that the respondent has violated or failed to comply with a DAPO. Furthermore, the law states that the Family Court “shall hold a hearing within 15 days to determine whether the respondent violated the protection order or refused to cariy out any judgment, order, or condition.” 9 N.N.C. § 1663(B)(2). In accordance with DAPA’s purpose to provide an efficient and flexible remedy, hearings on alleged violations “shall be expedited.” 9 N.N.C. § 1663(C) (emphasis added).
Unlike the broad discretion that DAPA affords the Family Court to provide remedies to address domestic abuse and prevent tortious conduct, see 9 N.N.C. § 1604(C), the Family Court’s processing of these eases is strictly regulated. With regard to contempt of court proceedings, the Family Court is required by law to hold a hearing within 15 days of the issuance of an OSC. See 9 N.N.C. § 1663(B)(2) and see Thompson v. Greyeyes, 8 Nav. R. at 476, 486, 5 Am. Tribal Law 400 (Nav. Sup.Ct.2004). Here, the Family Court failed to comply with Section 1663(B)(2) not once, but twice in scheduling the OSC hearing beyond what is mandated by law. The first OSC hearing was scheduled 23 days after the November 13, 2007 OSC and the second OSC hearing was scheduled 20 days after the October 17, 2008 Temporary Commitment Order. The Family Court therefore abused its discretion in scheduling, then ordering Petitioner’s continued custody, pending an OSC hearing set beyond the prescribed time-lines of 9 N.N.C. § 1663(B)(2). The Family Court’s failure to comply with the law is a violation of Petitioner’s right to due process.
Due process is “fundamental fairness” in a Navajo cultural context. In re Est. of Goldtooth Begay # 2, 7 Nav. R. 29, 31 (Nav.Sup.Ct.1992). Accordingly, we review^ the meaning of due process in the Navajo Bill of Rights consistent with Navajo principles. See Fort Defiance Housing Corp. v. Lowe, 5 Am. Tribal Law 394, 396-399, 2004 WL 5658062, *1-2 (Nav.Sup.Ct.2004). Due process requires courts to ensure fundamental fairness in all tribal actions. Keeswood v. Navajo Tribe, 2 Nav. R. 46, 50 (Nav.Ct.App.1979). As such, due process requires notice and an opportunity to be heard before the tribunal. In re Certified Questions II, 6 Nav. R. 105, 188-119 (Nav.Sup.Ct.1989).
The primary principle that informs this Court’s interpretation of procedural due process is K’é. Atcitty v. The *144 District Court for the Judicial District of Window Rock, 7 Nav. R. 227, 230 (Nav.Sup.Ct.1996); and Fort Defiance Housing Corp. v. Lowe, No. SC-CV-32-03, 5 Am. Tribal Law 894, 398-400, 2004 WL 5658062, *2-3 (Nav.Sup.Ct.2004). K’é, which fosters fairness through mutual respect, requires that an individual is fully informed and provided an opportunity to speak. The Family Court therefore has an obligation to protect Petitioner’s right to due process of law. See Seaton v. Greyeyes, 6 Am. Tribal Law 737 (Nav.Sup.Ct.2006) (court has obligation to protect rights guaranteed by the Navajo Bill of Rights).
The Family Court’s order to detain Petitioner without notice and an opportunity to be heard before the Family Court violated Petitioner’s right to due process under the Navajo Bill of Rights as informed by the Navajo principle of fundamental fairness. Petitioner was arrested on an unrelated matter on October 16, 2008 and immediately served with a bench warrant—issued ten months earlier—concerning an expired DAPO. The following day, Petitioner was served with an Order for Temporary Commitment that stated Petitioner “is before the Court” and that “good cause has been shown why the [Petitioner] should be detained” until the OSC hearing. Johnny v. Johnny, No. WR-DV-1202-07 Re. WR-DV-432-07, Order for Temporary Commitment (W.R.Fam.Ct. October 17, 2008). Contrary to the language of the Order, Petitioner never actually appeared before the Family Court on the arrest warrant, nor on the commitment order, arising out of the DAPA matter on October 17, 2008.
The Family Court failed to provide Petitioner with an explanation of the proceedings and an opportunity to be heard at those proceedings prior to issuing its October 17, 2008 Temporary Commitment Order. Specifically, the Family Court failed to provide an explanation as to what constituted good cause shown and denied Petitioner the opportunity to contest those reasons. He was not given this opportunity though he was jailed downstairs from the Family Court and though he was appearing before the District Court in the unrelated matter. Although written reasons to deny Petitioner’s release are not specifically required, a Judge must clearly and adequately explain the reasons, and such reasons must be available in the record of the case. Dawes v. Eriacho, 7 Am. Tribal Law 619, 622-23, 2008 WL 5479066, *2 (Nav.Sup.Ct.2008). The Family Court’s inapt boilerplate reference that insinuated that the Petitioner appeared before the Family Court and that good cause had been shown will not suffice for a clear and adequate explanation. Petitioner’s right to due process was therefore violated by the Family Court.
IV
A Navajo court is not above the law. Navajo due process requires that Navajo courts be just and do justice. Fort Defiance Housing Corp. v. Lowe, 8 Nav. R. 463, 5 Am. Tribal Law 394 (Navajo Sup.Ct.2004). The Court holds the Family Court clearly failed to comply with the explicit language of 9 N.N.C. § 1663(B)(2) and also did not provide an opportunity for the Petitioner to contest the Family Court’s actions and, thereby, violated Petitioner’s right to due process. We previously held that a detention is illegal if the court who ordered the detention violated that person’s rights under the Navajo Bill of Rights. Seaton v. Greyeyes, 6 Am. Tribal Law 737, 2006 WL 6168962, *1 (Nav.Sup.Ct.2006).
For the Family Court’s failure to provide an opportunity for the Petition *145 er to appear before the court prior to issuing the temporary commitment order, this Court remedied Petitioner’s illegal detention by vacating the Temporary Commitment Order of October 17, 2008 and releasing him. For the Family Court’s error in scheduling the November 6, 2008 hearing, this Court ordered the Family Court to reschedule and hold its OSC hearing within 15 days of Petitioner’s temporary commitment. The Family Court also erred in including child custody and child support matters in its OSC action because the DAPO provision on these matters had expired on November 4, 2007. The November 13, 2007 OSC was issued after this expiration. As a general rule, there can be no enforcement of an order which has expired. Furthermore, to maintain the focus of the DAPO on actual protection against immediate harm, this Court also holds that a Family Court may not issue a bench warrant, a temporary commitment order, or conduct an OSC hearing on ancillary matters of an expired DAPO. For this error, this Court hereby dismisses the matter of child custody and child support from the original petition for an order to show cause. This Court further holds that if there is to be an action on child custody and support between these parties, such actions will have to be done in a separate proceeding.

. The OSC was served on Sally Johnny, Petitioner's elderly mother, on December 6, 2007.