OPINION

This matter concerns a petition for extraordinary writs filed against the Window Rock District Court in a criminal action. The Court denied the petition for a writ of mandamus and granted an alternative writ of superintending control scheduling a hearing. At the conclusion of the hearing, the Court denied Petitioner’s request to make permanent the writ of superintending control. We now issue this opinion to explain our decision.
I
The relevant procedural history is as follows. Petitioner Wood was arrested on January 13, 2009. The Navajo Nation filed five criminal complaints against Mr. Wood on January 14, 2009: No. WR-CR-19-09 (battery), No. WR-CR-2Ü-09 (battery), No. WR-CR-21-09 (endangering the welfare of a minor), No. WR-CR-22-09 (endangering the welfare of a minor), and No. WR-CR-23-09 (endangering the welfare of a minor). That same day, Mr. Wood was arraigned and he entered a plea of not guilty to each criminal charge. The District Court, in turn, accepted each plea and set each case for pretrial conference. Judge Johnson ordered that Mr. Wood could be released with conditions, including the condition that he post a cash bond for each charge as follows: No. WR-CR-19-09 ($600), No. WR-CR-20-09 ($250), No. WR-CR-21-09 ($200),[1] No. WR-CR-22-09 ($200), and No. WR-CR-23-09 ($200). Mr. Wood was therefore remanded to jail pending a total cash bond of $1,450.
*255 On January 20, 2008 the District Court received a letter from Mr. Wood’s mother requesting that Mr. Wood be released to her custody. On January 21, 2009 Mr. Wood filed a letter of his own in the District Court also asking for third-party release to his mother and grandmother.[2] The following day he filed a request for appointment of legal counsel. On January 23, 2009, Judge Johnson appointed the public defender as legal counsel. On the same day, Judge Johnson also denied both requests for release with notations on each letter that there was no information as to the alleged victim and her children’s safety. However, these notations with reasons to deny release were not made at a hearing that included the presence of Mr. Wood.
On February 2, 2009 Mr. Wood filed another request for release, which was routed to his court-appointed legal counsel. According to the District Court, it “did not take any action on this request because it was submitted by Mr. Wood instead of through his legal counsel.”[3] Resp’t’s Brief at 2. The request was also forwarded to Probation & Parole Services and, on February 3, 2009, the probation officer filed a response recommending against Mr. Wood’s third-party release.
On February 20, 2009 Mr. Wood, through his court-appointed legal counsel, filed the following three motions with regard to each complaint: Motion to Dismiss for Defective Complaint, Motion to Dismiss for Lack of Discovery, and Motion for Release upon Third-Party Release Agreement. According to the District Court, each motion was set aside for 10 days to provide the Navajo Nation time to file a response by March 2, 2009. On March 3, 2009, Mr. Wood filed a Request for Ruling making note of the Navajo Nation’s non-response. The Navajo Nation subsequently filed a late response to each motion on March 5, 2009. On March 6, 2009 Mr. Wood filed a Second Request for Ruling.
On March 13, 2009 Mr. Wood’s motions for third-party release came to the attention of a second judge, Judge Holgate, during Judge Johnson’s absence.[4] Judge Holgate granted the motions for third-party release in each of the five complaints. Mr. Wood was released on March 13, 2009, 21 days after his legal counsel’s request for release.[5] Upon her return, Judge Johnson denied the other two pending motions to dismiss on March 17, 2009. Mr. Wood subsequently filed a petition for writs of mandamus and superintending control with this Court on March 31, 2009 to compel Judge Johnson to rule on motions in a timely manner and to supervise her through a writ to prevent further abuse of discretion.
On April 14, 2009 this Court denied the writ of mandamus explaining that there was no clear violation of any explicit legal mandate requiring the lower court to render a decision on a motion within a certain period and that judges generally have a certain amount of discretion as to when to address motions. Instead, the Court issued an alternative writ reserving its deci *256 sion on the writ of superintending control by setting the matter for a hearing and ordering the District Court to show cause why the writ should not be made permanent. The Court, sua s-ponte, raised an additional issue of whether the inaction by the District Court on the motions for release—resulting in Mr. Wood’s incarceration for 21 days awaiting a response— constitutes cruel and unusual punishment contrary to the Navajo Bill of Rights or any other Navajo law. A hearing was held on April 29, 2009 in St. Michaels.
II
We address the issues of (1) whether the failure of the District Court to address motions for third-party release while Petitioner remained incarcerated for 21 days is an abuse of discretion in such an egregious way that this Court needs to supervise the processing of this ease through a writ of superintending control and (2) whether the inaction by the District Court for 21 days while Petitioner remained incarcerated constitutes cruel and unusual punishment contrary to the Navajo Bill of Rights or any other Navajo law. We also glean a third issue from the briefs and oral argument of whether statutory laws and the rules of criminal procedure support the proposition that there exists a legal presumption of release by recognizance of a defendant pending trial. We address the third issue first.
III
This Court has jurisdiction to issue “any writs ... [njeeessary and proper to the complete the exercise of its jurisdiction ... or [t]o cause a Court to act where such Court fails or refuses to act within its jurisdiction.” 7 N.N.C. § 303 (2005). A writ will be issued where there is no plain, speedy and adequate remedy at law. In re Navajo Nation Election Admin. Determinatin of Insufficiency Regarding Two Initiative Petitions, No. SC-CV-24-09, 8 Am. Tribal Law 240, 243-44, 2009 WL 1789113, *2 (Nav.Sup.Ct. June 22, 2009); Johnson v. Tuba City Dist. Ct., No. SC-CV-12-07, 7 Am. Tribal Law 566, 569-70 (Nav.Sup.Ct. November 7, 2007). A writ of superintending control is appropriate when the District Court abuses its discretion in an egregious way that only immediate action by this Court will remedy the damage done to a party. In re A.P., 8 Nav. R. 671, 678, 6 Am. Tribal Law 660 (Nav.Sup.Ct.2005); see also Johnson, No. SC-CV-12-07, 7 Am. Tribal Law at 569-70.
IV
Petitioner makes several arguments in support of a writ of superintending control. Petitioner argues that Judge Johnson abused her discretion in an egregious way by failing to rule for 21 (or more[6]) days on his motions for release while he remained incarcerated awaiting the District Court’s decision. Petitioner requests a writ to compel Judge Johnson to rule on motions without delay and to supervise her through a writ of superintending control in order to prevent further abuse of discretion. Petitioner claims that he has no adequate remedy at law, which ultimately denies him his right to a speedy trial and to a speedy resolution of his cases. Petitioner also contends that there is a legal presumption of release by recognizance unless findings are made to the contrary.
We review the language of Title 17 of the Navajo Nation Code and the Navajo *257 Rules of Criminal Procedure (Criminal Rules) before we address Petitioner’s arguments. Section 1807(A) of Title 17 states “[ejvery person arrested for an alleged offense ... shall, within a period not to exceed 18 hours from the time of commitment, be given an opportunity to be released on bail.” Bail may be by bail agreement, by cash bond, or by recognizance. 17 N.N.C. § 1807(B). Furthermore, Rule 15(a) of the Criminal Rules, which pertains to the release of a defendant prior to trial, provides that any person “may be ordered released pending trial on personal recognizance unless the judge makes a specific finding that such release will not reasonably assure the appearance of the defendant at trial.” (emphasis added). Thus, a defendant has a right to be released or admitted to bail “unless certain findings are made to the contrary.” Nav. R. Cr. P. 12(c)(5) (emphasis added). Accordingly, Petitioner argues that there is a legal presumption for release by personal recognizance unless the Navajo Nation objects and a judge makes “certain findings” to the contrary at the defendant’s initial appearance. We agree. The Court hereby holds that the plain language of 17 N.N.C. § 1807 and Rule 15(a) of the Criminal Rules do support a “legal presumption” for release of a defendant by personal recognizance unless the government, who has filed the complaint(s) against an individual, objects and a judge makes “certain findings” on the record against release.
The Court takes judicial notice that prosecutors do not routinely appear at arraignments and courts make decisions with regard to release without the prosecutor being present. This practice does not comport with the legal presumption for release. Therefore, wre must specify the procedural requirements at arraignment concerning bail. With a legal presumption for release by recognizance, the burden is upon the Navajo Nation to prove its denial is justified by clear and convincing evidence. See Apachito v. Navajo Nation, 8 Nav. R. 339, 345, 4 Am. Tribal Law 668 (Nav.Sup.Ct.2003) (adopting the “clear and convincing evidence” standard for pretrial detention proceedings). For the Navajo Nation to object and for a judge to enter certain findings, the Navajo Nation prosecutor shall be present at arraignment. The non-appearance of a prosecutor shall be understood to mean that the prosecutor has no objections. The District Court shall not delay the necessary decision of whether to release or not because the prosecutor is not present. We recognize the additional responsibility this places upon the government to be available at the arraignment. However, the rights of the individual, protected by the Navajo Nation Bill of Rights and the laws of the Navajo Nation, outweigh any inconvenience this may create where the government accuses an individual of a violation of its laws.
The statute and rules also provide that a judge or officer may refuse to admit a person to bail under certain circumstances, including a reason to believe that the person will fail to appear at subsequent proceedings. See 17 N.N.C. § 1812. Where a “specific finding” is made that a release by personal recognizance will not reasonably assure the appearance of the defendant at trial, Rule 15(b) of the Criminal Rules provides that a judge may permit release under conditions which will reasonably assure the appearance of the defendant for trial. This rule provides that such conditions may include placement of restrictions during the defendant’s period of release, or cash bond,[7] or requir *258 ing the return of the defendant to custody after specified hours. Nav. R. Cr. P. 15(b). Furthermore, a judge may deny release or order the defendant to abide by any other conditions where there are reasons, for the record, to believe that the defendant is dangerous to others or will commit a crime. See Nav. R. Cr. P. 15(d) (listing reasons to deny release); Seaton v. Greyeyes, No. SC-CV-04-06, 6 Am. Tribal Law 737, 741 (Nav.Sup.Ct. March 28, 2006) (examining reasons justifying detention). Furthermore, the mere seriousness of the charge will not justify continued detention. Id. at 742. Overall, denial of such release must be made at arraignment upon a motion by the Navajo Nation. Reasons for denial of release must be stated for the record. Dawes v. Eriacho, No. SC-CV-09-08, 7 Am. Tribal Law 619 (Nav.Sup.Ct. May 5, 2008) (holding that written reasons to deny a criminal defendant’s release were not required and that verbal notification was sufficient). This assures the defendant a meaningful appeal of a lower court’s order to this Court pursuant to 17 N.N.C. § 1812(C).
We recognize that judges have a certain amount of discretion, but discretion must be exercised within the parameters of the law. Particularly, the discretion given to judges under 17 N.N.C. § 1813 authorizes the imposition of conditions of release that bear a reasonable relationship to insuring defendant’s appearance. McCabe v. Walters, 5 Nav. R. 43, 48 (Nav. Ct.App.1985). Here, Mr. Wood was arraigned promptly and Judge Johnson ordered his release by cash bond in the total amount of $1,450 and the imposition of other conditions as to conduct[8] to ensure his appearance at the scheduled pretrial conference. In ordering his release with conditions, Judge Johnson did not state reasons to deny release pursuant to Rule 15(d) and 17 N.N.C. § 1812(B). Mr. Wood, however, was unable to come up with the $1,450 immediately and was remanded to jail, where he subsequently filed a request for third-party release. Judge Johnson unilaterally denied his request with notations that now indicated that Mr. Wood was a danger to the public, information that should have been determined at arraignment pursuant to Rule 15(d) and Section 1812(B). As there were no reasons given at arraignment to deny Mr. Wood’s release, the judge may not now use a highly-set bail or unilaterally make findings about a defendant as a substitute for finding facts at arraignment. The purpose of bail, as stated previously, is to ensure a defendant’s appearance at trial, and the Court notes that there are alternative methods of securing his appearance such as third-party release. The judge’s denial of release under these circumstances is also an abuse of a judge’s discretion, contrary to 17 N.N.C. § 1807(A), 1807(B), Rule 15 and the legal presumption for release.
*259 Petitioner also argues the District Court’s failure to address motions for third-party release while he remained incarcerated for 21 days—despite his repeated requests—is an abuse of discretion. Respondent, on the other hand, argues there is no abuse of discretion because Rule 29(h) of the Criminal Rules, which allows motions to be answered in writing within 10 days from service, permits the District Court to set aside motions during that period so the Navajo Nation may file a response. A motion for third-party release is essentially a motion to amend conditions of release as delineated by Rule 15(e) of the Criminal Rules. We therefore review Rule 29(h) in light of Rule 15(e) and provide guidance to the District Court.
Rule 29, pertaining to pretrial motions, governs the procedure to be followed “between arraignment and trial unless specifically provided by another rule” (emphasis added). Motions for amendment of conditions of release routinely surface between arraignment and trial, but the procedure for such motions is specifically provided by Rule 15(e), wrhich states “[s]uch motions shall be determined promptly.” The plain reading of this rule mandates, with no discretion, that the District Court “promptly” rule on such motions.‘[9] We therefore hold the generally applicable Rule 29(h) therefore does not negate the specific Rule 15(e), nor does Rule 29(h) apply to Rule 15(e) motions.
Judge Johnson therefore abused her discretion when she failed to “promptly” rule on Mr. Wood’s motions for release while he remained incarcerated for 21 days without a response. The abuse of discretion by this particular judge, though egregious, cannot be addressed by a permanent writ of superintending control against the District Court. The fact is that Judge Johnson is no longer at the Window' Rock District Court and all criminal matters in that district have been assigned to another judge.
V
As to the additional issue raised by the Court, Petitioner contends an incarceration for 21 days without a response from the District Court on his motions for release constitutes cruel and unusual punishment. Petitioner further asserts the District Court, w'ho ordered his release upon payment of a cash bond, violated his due process rights by failing to make “certain findings” as to its reasons to deny his release. Respondent, on the other hand, asserts Petitioner’s arguments are disingenuous and that he was not incarcerated because of any action or inaction of the District Court, Respondent explains that Mr. Wood waived his right to a speedy trial by requesting that the pretrial conferences be continued twice resulting in the conference being rescheduled from February 17, 2009 to May 12, 2009. Thus, Respondent requests this Court to deny the writ of superintending control directed at the District Court considering that the delay was caused by the prosecutor and the public defender.
Respondent also asserts a 21-day period of incarceration pending a pretrial conference, when bail has been properly set, is within the boundaries of the law. An integral part of the District Court’s argument is that there is no statute or rule that requires a judge to rule on motions within a certain period of time and that Rule 29(h) of the Criminal Rules authorizes the *260 court to wait for 10 days before ruling on a motion so that the opposing party may respond. Respondent thus submits that the District Court’s inaction was appropriate according to the current rules. Based on our analysis in IV, Rule 29(h) does not apply to Rule 15(e) motions to amend conditions of release. The District Court’s assertion therefore has no merit.
Under the Dine concepts of justice, on the other hand, Respondent conceded that a lengthy delay in ruling on motions for third-party release may constitute cruel and unusual punishment. The Navajo Nation also conceded where an individual is incarcerated, a wait of 21 or more days is an awfully long time to wait for a response. We therefore hold that being incarcerated for 21 days without court action on motions for release constitutes cruel and unusual punishment under the Navajo Bill of Rights. 1 N.N.C. § 9. Just as the defendant has been accused of violating the law, the counterpart in Navajo thinking is that the government is not above the law. The government must comply with the law in prosecuting a defendant.
Respondent suggests that this Court provide guidance by issuing a time-line as to when lower courts need to consider Rule 15(e) motions for amendments of conditions of release. The Respondent suggests that the District Court review7 a request for release, submitted either pro se or through legal counsel, within 48 hours of its filing. The suggestion, however, does not provide a firm deadline in whieh the District Court must enter judgment. In reviewing Respondent’s suggestions, we hereby adopt the following guidelines: (1) upon receipt of a Rule 15(e) motion for amendments of conditions of release, the District Court shall conduct a hearing on the motion(s) within 48 hours of its receipt; (2) the Navajo Nation Prosecutor shall be in attendance to raise objections, if any; (3) if the Prosecutor fails to attend the motion hearing, his non-appearance shall denote his non-objection; and (4) at the conclusion of the hearing, if the District Court is to deny the motions, it shall specify the reasons to deny release for the record and immediately enter a decision on the motion.
VI
Based on the above, we hereby DENY the petition for wNt of superintending control. The criminal complaints, Nos. WR-CR-19/20/21/22/23-09, are hereby dismissed. This case is closed.

. The Court takes notice that Cause No. WR-CR-21-09 (as well as WR-CR-22/23-09) was for the offense of endangering the welfare of a minor in violation of 17 N.N.C. § 456, which specifies no fine or jail time in its sentencing provision. Pursuant to 17 N.N.C. § 1809, judges are authorized to set cash bond "provided that in no case shall the bond exceed the maximum fine specified by applicable law for the offense for which the accused has been charged." Whether or not the bond set by Judge Johnson for this offense exceeded bail is a question that the Court need not address at this time.

. The Di.stricl Court considered each letter as a motion for release.

. Respondent does not cite a statute or rule that permits the District Court to take no action on a motion simply because it was filed by the defendant instead of through his court-appointed legal counsel.

. It is unclear from the record how the motions came to the attention of Judge Holgate.

. Although we note that Mr. Wood was released 21 days after his counsel’s request of February 20, 2009, this Court takes notice that Mr. Wood had previously filed a pro se request for release on February 2, 2009, which was never acted on by Judge Johnson.

. See supra note 3 (noting that a pro se motion for third-party release was filed much earlier but was not acted on).

. In setting cash bond, “[e]xcessive bail shall not be required,” 1 N.N.G. § 9. The Court *258 notes that Judge Johnson set a cash bond for every offense. If the primary purpose of bail, as we say herein, is to ensure the future appearance of the defendant at court proceedings, a legitimate issue is raised whether it was necessary to set a cash bond on every offense. Furthermore, in setting bail for each offense and the defendant cannot post the total cash bail required, the issue of excessive bail also arises. The Court need not address these issues at this time.

. Other conditions imposed by the District Court included that Mr. Wood conduct himself as a peaceful and law abiding citizen; that he not possess or use/consume alcoholic beverages or any other illegal drugs; that he not possess deadly weapons; and that he stay away from the victim and her children. Order Accepting Not Guilty Plea, Notice of Pretrial Conference & Agreement for Release, No. WR-CR-19/20/21/22/23-09, January 14, 2009,

. Rule 15(e)’s emphasis on promptness is in accordance with 17 N.N.C § 1812(C) which emphasizes that the defendant shall ‘‘immediately” be brought before a judge where bail is initially denied and that any order by the judge as to allow bail or not is appealable and this Court shall ‘‘give any such appeal absolute priority." (emphasis provided).