OPINION

This matter concerns a petition for a writ of habeas corpus filed by a defendant who had been denied bail at a pretrial conference on a new charge verbally conveyed to him at that conference. Having granted an alternative writ and heard oral argument from the parties, the Court verbally announced its decision that Respondent failed to show cause why Petitioner should not be released. The Court, by written order, immediately released Petitioner from detention. This written opinion follows.
I
BACKGROUND
Petitioner, initially appeared for a pretrial conference on a criminal battery charge at the Crownpoint District Court on November 8, 2011 (docket matter CP-CR-11-856). Immediately after the conference, the prosecutor verbally charged him with the crime of interfering with judicial proceedings (docket matter CP-CR-11-1056) and had him arrested. The new charge was based on the prosecutor’s assertion that defendant’s conduct in the battery charge was also in violation of the terms and conditions of his prior release in the battery case. Later that same day, Petitioner was arraigned and he entered a plea of not guilty in CP-CR-11-1056. At the same hearing, the district court judge denied bail despite the prosecutor having no objection to defendant’s release[1] and scheduled a pre-trial hearing for January 17, 2010—approximately 70 days out—for reasons that are both disputed and not specified in the trial court’s temporary commitment order. On November 18, 2011, Petitioner filed a petition for writ of habeas corpus alleging he was wrongfully detained because he was denied bail without a separate hearing and without specific findings by the district court justifying pre-trial detention.
On November 21, 2011 this Court issued an alternative writ ordering Respondent to show cause why Petitioner should not be released and scheduled a hearing for the next day, November 22, 2011. Specifically, this Court requested Respondent “to obtain a copy of the Crownpoint District Court records relevant to this case and respond orally at the hearing.” Alternative Writ of Habeas Corpus, November 21, 2011. Respondent appeared through the Navajo Nation Department of Justice. The Staff Attorney appeared for the Crownpoint District Court. Immediately following the arguments of the parties, the Court released Petitioner and announced that an opinion would follow.
II
ISSUES
The issues are (1) whether a criminal defendant’s denial of bail at arraignment without a separately scheduled bail hearing violates defendant’s right to due process, justifying his release from detention; *97 (2) whether a criminal defendant should be released from pretrial detention when the district court fails to provide specific findings why the court refused to admit him to bail per 17 N.N.C. § 1812; and a third issue, gleaned from the briefs, was raised by the Court: (3) whether a criminal defendant should be released from pretrial detention after having been denied bail when the offense for which defendant is being charged does not include incarceration as a possible sentence.
Ill
DISCUSSION
A. Denial of Bail at Arraignment. Pursuant to 17 N.N.C. § 1807(A), “Every person arrested for an alleged offense against the Navajo Nation shall, within a period not to exceed 18 hours from the time of commitment, be given an opportunity to be released on bail.” This statutory provision mandates the consideration of pretrial release by bail at defendant’s earliest court appearance, namely, at the defendant’s arraignment. Section 1807(A) does not require a separate hearing specifically on the matter of bail.[2] We have stated that “[o]verall, denial of such release must be made at arraignment upon a motion by the Navajo Nation.” Wood v. Window Rock District Court, 8 Am. Tribal Law 252, 258 (Nav.Sup.Ct.2009), As it is well-established that bail may be denied at arraignment, we hold that the district court’s consideration of bail at arraignment does not violate the defendant’s right to “an opportunity” to be released on bail.
B. Record Showing Reasons For Denial of Bail. A defendant has the right to be released or admitted to bail unless certain findings are made to the contrary. Wood v. Window Rock District Court, supra at 256-57 (citing Nav. R. Cr. P. 12(c)(5)(v) (defendant’s rights at arraignment)). The standard of proof required to sustain a pretrial denial of bail is clear and convincing evidence. Apachito v. Navajo Nation, 8 Nav. R. 339, 4 Am. Tribal Law 668 (Nav.Sup.Ct.2003). Where bail is denied, Rule 15(d) requires that reasons for the denial of release be stated “for the record.” Dawes v. Eriacho, 7 Am. Tribal Law 619, 621 (Nav.Sup.Ct.2008). The reasons, additionally, must be given in “specific findings,” otherwise the defendant has the right to be released on their own recognizance. Wood v. Window Rock District Court, supra at 257-58.
In Dawes, supra, we held that written reasons to deny a criminal defendant’s release were not required and that verbal notification was sufficient. We clarified therein that the verbal notification was subject to the defendant’s due process rights of receiving complete information. We stated: “Written reasons are not required, as long as the district court judge clearly and adequately explains his or her reasons for denying release to the defendant, and such reason are available in the record of the case.” The Court in Dawes, clarifying inconsistent statements in prior opinions, explained:
The primary purpose of requiring reasons is so that the defendant understands why he or she will continue to be held pending trial, and may contest those reasons before the district court, and, if necessary, before this Court in a habeas corpus proceeding.... A secondary reason is to facilitate review by this Court, as the Court may more easily *98 decide whether such reasons are valid if it can review such reasons in written form.
Dawes, supra at 622. (internal citations omitted).
The Court concluded, “As long as the defendant is aware of the reasons, and such reasons are part of the district court record so that the defendant may challenge them and this Court may review them, this Court will not release a detained defendant merely because there are no written findings.” Dawes, supra at 622-23. In that case, the Court noted that audio recordings, from which transcripts are produced, are made of all proceedings. Additionally, recent upgrades to digital recordings in our district courts permit their immediate availability. The Court then stated that the audio recording and transcript of a pretrial bail hearing is capable of being submitted to this Court for habeas review.[3] Although the lack of written findings in the district court’s order denying release, by itself, may not justify release of a defendant, release may be justified if the Navajo Nation fails to provide evidence of the court’s reasons. Dawes, supra, at 622-28.
Most recently, we held that the plain language of 17 N.N.C. § 1807 and Rule 15(a) of the Navajo Criminal Rules support a “legal presumption” for pretrial release of a defendant unless the government objects and the district court judge makes findings, on the record, to deny bail in accordance with 17 N.N.C. § 1812. See Wood v. Window Rock District Court, supra at 257.
At the order to show cause hearing on November 21, 2011 in this case, Respondent failed to make any showing by clear and convincing evidence that clear and adequate reasons were given to defendant in denying pretrial bail. Respondent alleged that Petitioner violated the conditions of his pretrial release agreement in a separate criminal battery matter but introduced no evidence to support their statements. Instead, there appears to be confusion regarding terms of release or bail denial for Petitioner. Petitioner introduced two conflicting signed orders of release in CP-CR-11-856. The first granted Petitioner release by personal recognizance; the second admitted Petitioner to bail with a cash bond of $1,000. Petitioner further introduced a third signed order in CP-CR-11-1056, which Petitioner was ordered into temporary commitment and bail was denied entirely.[4] Respondent failed to provide reasons in the record why one order should be taken over the others, in addition to the failure to provide evidence of the court’s reasons to deny bail through a digital recording or transcript of the hearing for this Court’s review. Without a record, we cannot determine whether the district court judge clearly and adequately explained his or her reasons for denying release to the defendant and whether the district court’s denial of bail was sustained by clear and convincing evidence. The problem with the district court’s denial of bail is that we have been presented no factual evidence whereby the validity of the district court’s reasons for bail denial pursuant to Dawes may be reviewed. An accused cannot be denied liberty for substantial periods of time without well-established due process protections being followed.
We have already relaxed any requirement for written notifications in bail deci *99 sions and permitted verbal notifications subject to due process considerations. We have also permitted bail to be considered at arraignment due to deadline constraints. We will not permit further erosion of the bail decision-making process by condoning confusion in court orders and lack of any record regarding what information the defendant was actually given for denial of bail. For these reasons, we hold that the trial court abused its discretion in denying bail.
C. Underlying Charge Does Not Include Incarceration. We now address whether there should be any effect on pretrial detention if the offense for which defendant is being charged does not specify incarceration as a possible sentence.
17 N.N.C. § 1812 and Rule 15(d) of the Navajo Rules of Criminal Procedure provide that person may be refused to be admitted to bail under certain circumstances. 17 N.N.C. § 1812 limits the reasons for denial of bail to circumstances where the person is unable to care for his or her personal safety, will be a danger to the public, will pose a danger to any other person or to the community, will leave the lands subject to the jurisdiction of the Navajo Nation and fail to appear, or the alleged offense charged “would, in the officer’s or judge’s belief constitute a felonious offense.” Rule 15(d) of the Navajo Rules of Criminal Procedure also permits denial of bail “if there is reason to believe that the defendant is dangerous to public safety or that the defendant will commit a serious crime, or will seek to intimidate any witness, or will otherwise unlawfully interfere with the administration of justice if released, or for any other reason allowed by law.”
Bail may be by bail agreement, by cash bond, or by recognizance. 17 N.N.C. § 1807(B). The discretion given to the district court judge under 17 N.N.C. § 1813 authorizes the imposition of condition on release such as requiring the defendant not leave the court’s jurisdiction, or not to violate any tribal laws, or refrain from consumption of alcohol or other similar requirements. McCabe v. Watters, 5 Nav. R. 43, 48 (Nav.Sup.Ct.1985).
We find that the law permits pretrial detention of a person for the reasons enumerated in 17 N.N.C. § 1812 and Nav. R. Cr. P. Rule 15(d) even if the underlying charge does not include incarceration as a possible sentence. However, the district court has broad discretion in admitting a person to bail under a wide variety of conditions. Therefore, we hold that in cases w'here the underlying charge or charges do not include incarceration as a possible sentence, the district court shall consider alternatives to detention as a first option and provide a clear and adequate explanation to the defendant on the record as to why alternatives to pretrial detention are not appropriate in a given case. Such an explanation shall be considered as part of a defendant’s due process right in the bail decision-making process.
IV
CONCLUSION
The Court, having previously released Petitioner from illegal detention, hereby GRANTS Petitioner’s petition for writ of habeas corpus.

. Petitioner alleges the prosecutor recommended that he be admitted to bail by cash bond,

. In situations where the Nation objects to the defendant's release on bail, this holding in no way restricts the district court from setting a bail hearing at a later date to provide the defendant additional time to defend against the Nation’s motion to deny release, so long as the bail hearing is held without delay.

. The submittal of the audio recording for this Court’s review is limited to pretrial denial of bail.

. Even if defendant was released by order in CP-CR-11-856, he was denied bail and detained in CP-CR-11-1056.